UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEWARD CARNEY HOSPITAL, INC. *
 *
   Plaintiff, *
 v. *  Civil Action No. 17-cv-12465-IT
 *
MASSACHUSETTS NURSES *
ASSOCIATION, *
 *
   Defendant. *

ORDER
September 25, 2018

TALWANI, D.J.

  Pending before this court is Defendant's Motion for Privacy Protection Pursuant to FRCP

5.2(e)(1) on Behalf of Defendant Massachusetts Nurse Association [#12]. Defendant requests

that this court order the Complaint [#1] and attached exhibits removed from the docket and

resubmitted in identical form with the names of the grievant and two other registered nurses

redacted.[1] Def.'s Mot. Privacy Protection at 1-2 [#12].

  Defendant argues that good cause exists for privacy protections because the privacy

interests of the grievant and nurses outweigh the court's presumption towards disclosure and

transparency. Def.'s Mem. Supp. Mot. Privacy Protection at 8-12 [#13]. Defendant argues that

the names of the nurses are not necessary or even relevant for this litigation because this court

---

[1] So that the court could address this motion with due consideration, the court ordered the
Complaint [#1] and attached exhibits sealed pending further order of the court, see Electronic
Order [#18], and directed the parties to not use the names of the two non-grievant nurses pending
further order of the court. See Elec. Clerk Notes [#32]. While Plaintiff disputed the merits of
Defendant's motion, in recognition that the motion remained under advisement, and consistent
with the court's orders, Plaintiff respectfully filed its Memorandum of Law in Support of Its
Motion for Judgment on the Pleadings [#39] without using the names of the grievant and the
other nurses.

does not need to conduct its own fact finding. Defendant argues further that forcing the

Defendant to reveal the identities of the nurses (who are not parties to the case) would chill the

right of nurses to file a grievance for fear of public identification. Id. at 15-17.[2]

Plaintiff responds that Defendant has not sufficiently established good cause, that the

cases cited by Defendant do not support its motion, and that Defendant's factors do not

sufficiently support the redaction of the pleadings. Pl.'s Opp. at 5-11 [#17].

The First Circuit recognizes a general presumption favoring disclosure and transparency.

See, i.e., In re Gitto Global Corp., 422 F.3d 1, 6 (1st Cir. 2005); In re Providence Journal Co.,

293 F.3d 1 (1st Cir. 2002). The "[c]ourts long have recognized that public monitoring of the

judicial system fosters the important values of quality, honesty and respect for our legal system .

. .[t]his recognition has given rise to a presumption that the public has a common-law right of

access to judicial documents." In re Providence, 293 F.3d at 9. "This presumptive right of access

attaches to those materials which properly come before the court in the course of an adjudicatory

proceeding and which are relevant to that adjudication." Id.

Here, the names of the grievant and two nurses are not relevant to the sole issue before

court, which is whether the arbitrator's award should be vacated as outside his authority or in

violation of the public policy. The court does not need the names of the nurses to make this

determination, and the omission of their names does not burden the parties' presentation of their

---

[2] Defendant's other arguments include that: (1) the underlying arbitration and discipline are employment related and part of the personnel record of the nurses; (2) the Department of Mental Health regulations support the conclusion that there is a public policy in favor of not naming individuals involved in its internal investigations; (3) the Department of Mental Health incident report does not identify the names of the three nurses; and (4) the lack of the mandatory reporting requirement suggests that there is no public interest in the matter. Def.'s Mem. Supp. Mot. Privacy Protection at 12-15 [#13].

cases in any meaningful way. Going forward, the parties shall continue to use "grievant," "nurse #1," and "nurse #2" rather than the names of the individuals.

The court declines, however, to order the existing documents already on the docket be changed. Parsing through these documents to redact names would pose an undue burden, particularly as at least one of these documents, filed prior to the court's order restricting the use of names, has been on the public docket for an extended period of time.

Accordingly, the <u>Complaint</u> [#1] and exhibits shall be unsealed. The clerk shall substitute the redacted (and unsealed) Answer [#42] for the (sealed) Answer [#30]. The parties are instructed to use "grievant," "nurse #1," and "nurse #2" in all future pleadings.

IT IS SO ORDERED.

Date: September 25, 2018                           /s/ Indira Talwani_____
                                                   United States District Judge